**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **vs.**                                                                                    **5:06-CR 315 (NAM)**

**(1) EDWIN MONTANEZ, a/k/a Sha, Sha Dic,**
**Shadigga Shy**

              **Defendant.**
_____

**APPEARANCES:**                                                                        **OF COUNSEL:**

Office of Kenneth M. Moynihan                                              Kenneth M. Moynihan, Esq.
120 East Washington Street
Suite 927
Syracuse, NY 13202

Glenn T. Suddaby                                                                      John M. Katko,
United States Attorney                                                             Assistant United States Attorney
Office of the United States Attorney
100 South Clinton Street                                                           John G. Duncan,
Syracuse, NY 13261-7198                                                        Assistant United States Attorney

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.     INTRODUCTION**

      On July 20, 2007, defendant Edwin Montanez entered a plea of guilty to count one of the superseding indictment, which charged him with conspiracy to engage in a pattern of racketeering activity as part of his membership in the Brighton Brigade Gang, in violation of 18 U.S.C. § 1962(d). On April 21, 2008, the eve of sentencing, defendant filed a motion to withdraw his plea. The government opposes defendant's motion.

**II.    BACKGROUND**

      Defendant was charged in a two count indictment with: (1) conspiracy to engage in a

pattern of racketeering activity as part of his membership in the Brighton Brigade Gang, in violation of 18 U.S.C. § 1962(d); and (2) threatening a cooperating co-defendant with the intent to prevent him from testifying against defendant at trial, in violation of 18 U.S.C. § 1512(b)(1). On July 20, 2007, defendant pled guilty to count one and entered a plea agreement with the government pursuant to Rule 11(c)(1)(C)[1] of the Federal Rules of Criminal Procedure, in which he agreed that "the sentence of 235 months of imprisonment, a term or [sic] supervised release of 5 years, no fine, and a special assessment of $100 is the appropriate disposition of this case". Plea Agreement, ¶ 3.  A footnote further explains:

> This term of imprisonment is arrived at by holding the Defendant accountable as follows: (1) Drug offense level of 30 (35 to 50 grams of crack) pursuant to U.S.S.G. § 2D1.1)[sic]; (2) plus two points pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon (ie: hand guns), directly or indirectly, in connection with the gang's drug trafficking activity; (3) plus two points for his occasional organizational role with respect to various acts of gang violence pursuant to U.S.S.G. § 3B1.1(c); and (4) a two point enhancement for obstructing the administration of justice pursuant to U.S.S.G. § 3C1.1 for his witness tampering/intimidation as noted in Count Two of the Indictment.  The total offense level is thus 36, from which three points are deducted for acceptance of responsibility, for a Total Offense level of 33, with a Criminal History Category of VI, and a sentencing range of 235 to 293 months.

---

[1]Rule 11(c) provides, in relevant part:

An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty . . . to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Rule 11(c)(1)(C).

Plea Agreement, ¶ 3, n.1.

During the change of plea hearing on July 20, 2007, the Court accepted defendant's plea of guilty after an extensive colloquy with defendant, defense counsel, and the government. The Court did not, at the time, accept or reject, the plea agreement, but deferred a decision, *see* Rule 11(c)(3)(A) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report"), and directed Probation to prepare and submit a presentence report.

After defendant entered his plea of guilty, the Sentencing Commission implemented a two-point reduction of the base offense level for crack offenses, *see* Amendments to the Sentencing Guidelines for the United States Courts, 72 Fed.Reg. 28,571-28, 572 (2007), and subsequently voted to apply the amendment retroactively. *See* U.S.S.G. § 1B1.10(c). Because defendant pled guilty to a crack offense, the parties entered into a "proposed amendment to plea agreement", filed February 21, 2008, which states, in relevant part:

> The Defendant contends, among other things, that he should now receive the benefit of that reduction at sentencing. He further contends that because the sentence calculated above was at the low end of the applicable Guideline range (235 months), his revised sentence should be 188 months, which is at the low end of the Defendant's proposed revised guideline range of 188 to 235 months (Offense Level 31, Criminal History Category VI).
>
> The Government contends, among other things, that since the Defendant entered into his plea pursuant to [Rule] 11(c)(1)(C), he is barred from seeking a lower sentence. The government further asserts that even if the two point crack reduction were awarded in this case, the revised Guidelines would still encompass a 235 month sentence.
>
> In an effort to bridge these different positions and to avoid further potential litigation, the parties have agreed to amend paragraph 3 of the Plea Agreement by revising the Defendant's agreed upon sentence, pursuant to [Rule] 11(c)(1)(C), to 210 months imprisonment. This revised sentence represents a compromise of the parties' respective positions by reaching a sentence in the middle of the Defendant's proposed

> Guidelines range. There are no other proposed revisions to the original plea agreement. The parties agree that all other aspects of the original Plea Agreement will remain in full force.

Proposed Amendment to Plea Agreement, pp. 2-3. Defendant was scheduled to be sentenced on April 22, 2008. On April 21, 2008, defendant moved to withdraw his plea of guilty, accordingly, the Court stayed defendant's sentence and set a briefing schedule regarding the instant motion.

### III. DISCUSSION

Defendant moves pursuant to Rule 11(d) to withdraw his guilty plea on four grounds: (1) the government cannot prove that defendant conspired to participate in drug trafficking, the alleged purpose of the enterprise; (2) defense counsel incorrectly explained the impact the amendment to the crack guidelines would have on his sentence, if passed; (3) the "mistaken judgment" of both the government and defense counsel that the amendment to the crack guidelines would not pass and that, if it did pass, the amendment would not be retroactive; and (4) the government is "unwilling to effectuate the spirit of the plea agreement" by agreeing to a sentence of 188 months, a sentence at the low end of the guidelines range applicable to defendant.

Rule 11(d) provides that "A defendant may withdraw a plea of guilty . . . (2) after the court accepts the plea, but before it imposes sentence if . . . (b) the defendant can show a fair and just reason for requesting the withdrawal." Rule 11(d)(2)(B). It "is basic that '[a] defendant has no absolute right to withdraw his guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (quoting *United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994)). To determine whether a defendant has demonstrated a "fair and just reason" for withdrawal the court must consider the following factors:

> (1) whether the defendant has asserted his . . . innocence in the motion to withdraw the guilty plea; (2) the amount of time between the defendant's plea and the filing of

4

the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea.

*United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004). "Courts may also look to whether the defendant has 'raise[d] a significant question about the voluntariness of the original plea.'" *Id*. at 103 (quoting *Torres*, 129 F.3d at 715) (alterations in original).

As an initial matter, a review of the record in this case indicates that defendant's plea was voluntary and knowing. Indeed, defendant does not contend otherwise. During his plea, the Court asked whether defendant was induced or forced to enter a plea of guilty, to which he responded no. The Court also ensured that defendant understood the charge against him, as well as the facts underlying that charge.

Defendant now claims that the government can not prove that he "was part of the drug trafficking that is the alleged purpose of the 'enterprise' nor that [defendant] conspired with other alleged members to participate in the purposes of the 'enterprise'." Dkt. No. 188, p. 5. Defendant, however, has submitted no evidence to substantiate this conclusory assertion. Moreover, during his plea allocution, defendant admitted, under oath, that: a conspiracy existed; he was associated with it; and the conspiracy involved "the participation, directly or indirectly, in the affairs of an enterprise known as the Brighton Brigade, which was engaged in or had some effect on interstate commerce, and which engaged in a pattern of racketeering that included, among other things, drug distribution." Transcript of Plea Hearing, Dkt. No. 174, pp16-18. Defendant further admitted that "either through him individually or through reasonably foreseeable acts by co-conspirators he distributed between 35 and 50 grams of crack". *Id*., p. 17-18. The Second Circuit has held that "[a] defendant's bald statements that simply contradict what

he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Torres*, 129 F .3d at 715. Here, defendant's unsworn denial of his involvement in drug trafficking in his motion to withdraw is insufficient to contradict the admission he made under oath at the plea allocution. *See Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) ("[a] criminal defendant's self-inculpatory statements made under oath at this plea allocution carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them.") (internal quotation marks and citations omitted).

Defendant's second and third reasons for moving to withdraw his plea of guilty are equally without merit. Defendant claims that at the time he was considering the plea agreement, defense counsel failed to explain accurately what his sentence would be if the proposed amendment to the crack guidelines went into effect, and that defense counsel and the government mistakenly believed that the amendment would not be retroactive, and therefore, would not apply to him, in any event.

In *Brady v. United States*, the Supreme Court held:

a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts . . . hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.

397 U.S. 742, 757 (1970). Thus, defendant's assertions, even if true, provide no basis for withdrawing his plea.

Finally, defendant asserts that the government "is unwilling to effectuate the spirit of the plea agreement by agreeing to a sentence of 188 months representing a sentence at the bottom of

6

the guideline range as calculated in the plea agreement." Dkt. No. 188, p. 5. This argument is, in essence, an assertion that the government breached the plea agreement. "When the Government breaches a plea agreement, the defendant is entitled to either withdraw his plea or have his agreement specifically performed." *United States v. Cimino*, 381 F.3d 124, 127 (2d Cir. 2004). The Second Circuit has "explained that, because plea agreements are contractual in nature, they "are construed according to contract law principles." *United States v. Pollack*, 91 F.3d 331, 334 -35 (2d Cir. 1996) (quoting *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir. 1995)).

After the reduction in the offense level for crack offenses went into effect, the government and defendant agreed to a reduce the agreed upon sentence from 235 to 210 months. *See* Proposed Amendment to Plea Agreement, Dkt. No. 175. In view of defendant's agreement to the lesser sentence and amendment to the plea agreement, his assertion that the government is violating the spirit of the plea agreement is without merit. There is no evidence or indication that the government is seeking any sentence other than 210 months in this case. Thus, there is no basis to find that the government violated the agreement reached by the parties in this case. *See e.g. United States v. Brumer*, - - F.3d - -, 2008 WL 2345120, at *1 (2d Cir. 2008) (finding that the government's offer to reduce the intended loss amount agreed to in the plea agreements as a result of developments arising out of co-defendants' trial, was not a material breach of those agreements stating that "[i]n so doing, the government conducted itself in a way that reflected a commitment to a fair outcome").

Regarding the length of time between the plea and motion to withdraw, the Court notes that defendant filed the motion to withdraw eight months after entering his guilty plea, two months after amending the plea agreement, and on the eve of sentencing. Further, the

7

government asserts it would be prejudiced by a withdrawal of the plea because most of the cooperating co-defendants, many of whom were ready to testify against defendant at trial, have pled guilty and already received reduced sentences for their cooperation.  The government claims that these co-defendants have been sent to federal prisons all over the county and it would be a considerable expense to bring them back and prepare them for trial at this point.  Thus, the two remaining factors also weigh against permitting defendant to withdraw his plea.  Accordingly, having considered all the relevant factors, the Court declines to permit defendant to withdraw his plea.

**IV. CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to withdraw his plea of guilty is **DENIED,** and it is further

**ORDERED** that defendant's sentencing is scheduled for August 29, 2008 at 10:30 a.m., in Syracuse.  All sentencing memoranda shall be filed on or before August 15, 2008.

**IT IS SO ORDERED.**

Date:  July 23, 2008

_____
Norman A. Mordue
Chief United States District Court Judge